IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-60349-RKA

SCOTT L. LEVENTHAL,

    Plaintiff,

v.

JOSEPH KAVANA,

    Defendant.
_____/

JOSEPH KAVANA,

    Counter-Plaintiff,

v.

SCOTT L. LEVENTHAL,

    Counter-Defendant.
_____/

**LEVENTHAL'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION[1]**

Scott L. Leventhal ("Leventhal") files this Response in Opposition to Defendant Joseph Kavana's ("Kavana") Motion to Compel Documents Responsive to Defendant's First Requests for Production ("Motion"), and respectfully shows the honorable Court as follows:

**I.   INTRODUCTION & STATEMENT OF FACTS**

Kavana's Motion should be denied because it was unnecessary, was premised upon inaccurate facts, and fails to comply with the rules of this Court. Specifically, Kavana contends:

> As of this filing of this motion, Leventhal has yet to produce a single document or share a hit report of Kavana's search strings (as he committed to do). Leventhal has also failed to amend his responses to Kavana's Requests, leaving Kavana in doubt

---

[1] Undersigned counsel objects that they were not included in the communications made to the Court by Defendant's counsel on June 22, 2021. Undersigned counsel also respectfully requests to be included in any further correspondence or communications with the Court.

Fox Rothschild LLP

about what Leventhal intends to produce. These shortcomings prompted this motion to compel.

[Doc. 58, p. 3.] This is incorrect. On May 12, 2021, Leventhal responded to Kavana's request for production and identified at least 12 specific categories of documents for which inspection would be permitted at Trillist's office pursuant to Rule 34(b)(2)(B) because the documents requested were maintained in hardcopy. (Howard Decl. ¶¶ 5-6, 11, ) This constitutes an agreement to allow inspection per Rule 34(b)(2)(B). Leventhal has also made a significant effort to collect and produce ESI, which should be delivered beginning June 30, 2021. (Howard Decl. ¶ 28.)

Furthermore, on June 22, 2021, Kavana unilaterally imposed a deadline of 5:00 p.m. on June 23, 2021 for Leventhal to (a) provide "hit reports" indicating the number of documents responsive to Kavana's search strings; and (b) amend his responses to Kavana's discovery requests to withdraw certain relevance objections. (Howard Decl. ¶ 24.) Prior to the deadline, Leventhal shared a hit report and amended his objections as requested by Kavana's counsel. (Howard Decl. ¶ 25.) A true and correct copy of Leventhal's amended responses and objections are filed herewith. *After* Leventhal sent the hit report and amended objections, and nearly one hour *before* the deadline that Kavana had unilaterally set, Kavana filed his motion which contained the inaccurate statements quoted above. (Howard Decl. ¶ 26.) Kavana's Motion also does not attach or reference the amended objections. (Howard Decl. ¶ 26.)

As will be shown below, Leventhal and his counsel have worked diligently to collect and make documents available for production, but they have experienced a pair of atypical circumstances that have complicated matters. (Howard Decl. ¶¶ 7-8, 12-29.) First, after Leventhal responded to Kavana's requests for production, a receiver was appointed and Leventhal's assets were frozen, which made it inherently difficult for Leventhal to arrange for payment of e-discovery costs. (Howard Decl. ¶¶ 22-23.) Second, while Leventhal was attempting to find a financial means of collecting ESI for production, Kavana demanded that the parties engage in extensive negations concerning a "status quo order." (Howard Decl. ¶¶ 7-8,12-22.) Then he filed an emergency motion for temporary restraining order, which required a hearing, an emergency response, and continued negotiations toward a consent injunction. (Howard Decl. ¶¶ 19-22.) Absent these issues, Leventhal believes the discovery issues would have been resolved sooner. However, productions are being made, and so Leventhal also believes there is nothing to compel.

Finally, because Kavana jumped the gun filed his Motion without attaching or referencing Leventhal's amended objections, he has failed to comply with Local Rule 26.1(g)(2). He also filed his Motion after the 30-day deadline set forth in Local Rule 26.1(g)(1).

The Motion should be denied.

## II.     ARGUMENT & CITATION TO AUTHORITY

### A.     Leventhal Has Not Completely Failed to Participate in Discovery

In footnote one, presented on the title page of the Motion, Kavana asserts that he "moves to compel on the basis of Leventhal's **complete failure to respond** to the discovery sought." [Doc. 58 n.1.] This is not correct. Kavana served his Requests on April 13, 2021. [Doc. 58-3.] Leventhal timely responded on May 12, 2021. [Doc. 58-5.] Consistent with Rule 34(b)(2)(B), Leventhal's Response offered to allow Kavana to inspect tens of thousands of pages of Trillist's responsive business records, which are organized in file cabinets at Trillist's headquarters, and which are kept only in hard copy in the ordinary course of Trillist's business. (Howard Decl. ¶¶ 11.) Kavana has not accepted the invitation to inspect. (Howard Decl. ¶ 5.)

Under Rule 34(b)(2)(B), a party responding to requests for produce "must either state that inspection and related activities will be permitted as requested" or "*may* state that it will produce copies of documents…instead of permitting inspection." (emphasis added). Local Rule 26.1(e)(5) also clarifies that inspection may be permitted of documents "as they are kept in the usual course of business." Courts in this district have denied motions for sanctions if inspection has been permitted but the requesting party has declined to inspect. *See, e.g.*, *Twin Rivers Eng'g Corp. v. Fieldpiece Instruments, Inc.*, No. 6:12-CV-1794-ORL-36, 2014 WL 2778094, at *6 (M.D. Fla. June 18, 2014).

In this case, Leventhal has made documents available for inspection, and his counsel has undertaken a significant effort to collect, review, and produce ESI despite highly atypical financial constraints. This is not a "complete failure to respond to the discovery sought" as Kavana argues, and Leventhal respectfully requests that the Motion be denied.

### B.     Kavana's Motion is Untimely Under Local Rule 26.1(g)(1)

Leventhal served his responses to Kavana's request for production on May 12, 2021. (Howard Decl. ¶ 9.) Kavana filed his motion to compel more than 30 days later, on June 23, 2021. Local Rule 26.1(g)(1) requires a motion to compel to be filed within (30) days from the original due date. Courts in this district have denied motions to compel for failure to file within the 30-day

deadline as required by the local rules. *See Directv, Inc. v. Kallal*, No. 04-60742-CIV, 2005 WL 8155407, at *2 (S.D. Fla. Mar. 24, 2005); *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2005 WL 2105024, at *1 (S.D. Fla. Aug. 29, 2005). Accordingly, Leventhal respectfully requests that the Motion be denied.

### C. Kavana Failed to Provide the Court With Leventhal's Amended Objections as Required by Local Rule 26.1(g)(2)

At 3:41 p.m. on June 22, 2021, Kavana demanded that Leventhal revise his discovery objections by 5:00 pm the following day or else Kavana would file a motion to compel. (Howard Decl. ¶ 24.) Leventhal complied with the deadline. (Howard Decl. ¶ 25.) He provided revised objections at 4:03 pm the following day. (Howard Decl. ¶ 25.) At 4:04 pm, shortly ***after*** Leventhal provided his amended objections, but about an hour before Kavana's deadline, he filed his Motion. (Howard Decl. ¶ 26.)

Kavana does not even specify which of the original objections were improper, arguing only that "*[v]irtually all* of Leventhal's responses included 'blanket objections and a statement that discovery would be provided 'subject to and without waiving' the objections.'"[Doc. 58 p. 4.] Notably, "[v]irtually all" is not the same as "all," but this is a moot point because Kavana has moved to compel based on the prior version of the objections, which have been amended and, in many cases, withdrawn based on Kavana's agreement to limit the scope of his Requests.

Local Rule 26.1(g)(2) requires motions to compel to state: "(A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection (if not apparent from the objection); and (D) the reasons assigned as supporting the motion as it relates to that specific item." Courts routinely deny motions to compel for failure to quote the specific objections, or at least provide copies of them. *See Wakefield v. City of Pembroke Pines*, No. 05-61536-CIV, 2005 WL 8170767, at *1 (S.D. Fla. Oct. 13, 2005); *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2005 WL 2105024, at *1 n.1 (S.D. Fla. Aug. 29, 2005); *Hernandez v. IGE U.S., LLC.*, No. 07-21403-CIV, 2008 WL 11408720, at *2 (S.D. Fla. Aug. 11, 2008). Consistent with Local Rule 26.1(g)(2) and these precedents, Leventhal respectfully requests that the Motion be denied.

### D. Leventhal's Amended Objections Are Not Improper Blanket Objections

Kavana's Motion does not address Leventhal's amended objections. Nevertheless, Leventhal believes that his amended objections are proper. In 2015, Rule 34(b)(2)(C) was amended

to "provide that an objection to a Rule 34 request must state whether anything is being withheld on the basis of the objection." Fed. R. Civ. P. 34, Committee Notes on Rules 2015 Amendment. According to the Advisory Committee, "[t]he producing party does **not** need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection." *Id.* (emphasis added). "An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'" *Id.*

Here, Leventhal's amended objections are fairly specific concerning what is being withheld, what is being produced, and on what terms. For example, Kavana's Request No 3 asks for "[a]ll Documents and Communications from June 1, 2018 to the present that relate to any potential sale, refinancing, recapitalization, joint venture, development opportunity or any such related transaction involving 1138 Peachtree, including but not limited to any such Documents and Communications involving Golub Capital LLC." Leventhal has objected "to the overbroad definition of '1138 Peachtree.'" (Ex. B, at Response 3). Subject to that, Leventhal has agreed to "Leventhal will facilitate the production of non-privileged documents and correspondence exchanged between Trillist, TRA 1138 Sponsor LP, and Golub Capital LLC related to the real property located at 1138 Peachtree Street NE, Atlanta, GA 30309." (Ex. B, at Response 3). This complies with the rule.

E.    **After Kavana's Limitation of Scope, Leventhal No Longer Seeks Cost Shifting**

When Leventhal initially responded, Kavana was requesting a volume of ESI that would have required Leventhal to spend exorbitant e-discovery costs and attorneys' fees producing what essentially amounted to Trillist's documents. (Howard Decl. ¶ 9.) Thus, Leventhal sought an agreement from Kavana that Kavana would share these costs. (Howard Decl. ¶ 9) After meeting and conferring, Kavana significantly limited the scope of what he was requesting, which reduced Leventhal's ESI costs. (Howard Decl. ¶ 21.) Leventhal maintains his objection concerning cost shifting to the extent that Kavana wants Leventhal to copy and produce hard-copy documents that belong to Trillist. However, Leventhal is not currently attempting to cost-shift for the e-discovery costs.

F.    **An Award of Attorneys' Fees Would Not Appropriate Under Rule 37(a)(5)(A)**

Kavana seeks attorneys' fees pursuant to Rule 37(a)(5)(A). However, the Motion should be denied for the reasons set forth above, and therefore no fees should be awarded. Furthermore, Rule 37(a)(5)(A) precludes an award of attorneys' fees and expenses if either (i) the movant filed

the motion before attempting to resolve the discovery dispute through the good faith process; (ii) the non-movant's non-disclosure, response, or objection was substantially justified; OR (iii) an award of fees and expenses would be otherwise unjust.

Here, after Kavana narrowed the scope of his requests, Leventhal agreed to withdraw certain of his relevance objections, and he served amended responses and has been coordinating a production of ESI in addition to the documents he has designated for inspection in hardcopy. An award of attorneys' fees would be unjust when Leventhal has withdrawn objections and is working towards making a significant production of ESI. Likewise, an award of attorneys' fees would inappropriately reward Kavana for filing his motion after the 30-day deadline, not referencing the correct objections, and filing at 4:04 pm after he has imposed a 5:00 pm deadline.

Furthermore, while attempting to address Kavana's discovery requests in good faith, the parties were delayed by the intervening (a) order freezing Leventhal's assets, and (b) Kavana's desire for an "emergency" injunction. In *Hudson v. City of Riviera Beach*, No. 12-80870-CIV, 2014 WL 12812273, at *2 (S.D. Fla. Feb. 13, 2014), this Court declined to award attorneys' fees in a case in which the plaintiff responded to discovery after the deadline in part because "he was concurrently dealing with drafting a response to Defendants' motion to dismiss." Leventhal respectfully requests that the Court decline fees in this case for the same reason.

### III.   CONCLUSION

As stated above, Leventhal has worked diligently towards making a production, and will make an initial production of ESI by July 1, 2021. As such, the Motion is unnecessary, fails to comply with the Local Rules, and should be denied.

Respectfully submitted,

**FOX ROTHSCHILD LLP**
One Biscayne Tower, Suite 2750
2 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 442-6547

By: */s/Joseph A. DeMaria*
**JOSEPH A. DEMARIA, B.C.S.**
Florida Bar No. 764711
JDeMaria@FoxRothschild.com
**ADAM J. LAMB**
Florida Bar No. 899046
alamb@FoxRothschild.com

**F. BEAU HOWARD,** *pro hac vice*
Georgia Bar No. 142641
Fox Rothschild LLP
999 Peachtree Street, NE, Suite 1500
Atlanta, Georgia 30309
(404) 870-3763
fbhoward@FoxRothschild.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on **June 30, 2021**, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Joseph A. DeMaria
**JOSEPH A. DEMARIA**

124141900.3